UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RAFIK A. NEWEIR,

                                                                     09 Civ. 1819 (JG)

                               Plaintiff,

-against-                                            **AFFIRMATION IN OPPOSITION**

LE PARKER MERIDIEN,

                               Defendant.
-----------------------------------------------------------x

THOMAS F. BELLO, an attorney duly admitted to practice law in the State of New York hereby affirms under the penalty of perjury:

    1.    I am a member of Thomas F. Bello, Esq., P.C., attorneys for RAFIK A. NEWEIR (hereinafter "Plaintiff") in the above captioned matter, and as such, I fully familiar with the file and the facts and circumstances alleged herein.

    2.    Plaintiff duly commenced this action against the LE PARKER MERIDIEN (hereinafter "Defendant") alleging that he was discriminated against on the basis of race and ethnicity in violation of 42 U.S.C. §1981 and §1983 and Title VII, and race, national origin and ethnicity, and retaliation under New York State Human Rights Law and New York City Human Rights Law.

    3.    On or about October 15 2009, the Defendant moved to dismiss the Complaint, alleging that Plaintiff's claim is barred by a settlement and release, that his 42 U.S.C. §1981 and §1983 claims are without merit, his Title VII claim is time barred and the pendant state law claims must be dismissed. The instant submission is Plaintiff's affirmation in opposition.

## ARGUMENT

I. **STANDARD OF REVIEW FOR MOTIONS TO DISMISS UNDER 12(b)(1) AND (6)**

The Plaintiff does not contest the standard of review.

II. **PLAINTIFF'S CLAIM IS NOT BARRED BY A SETTLEMENT AND RELEASE BECAUSE THE TERMS OF THE SETTLEMENT WERE UNCONSCIONABLE**

Unconscionable agreements are characterized by an absence of meaningful choice on the part of one of the contracting parties, together with contract terms unreasonably favorable to the other party, at the time the contract is entered into. See *BGW Associates, Inc., v. Valley Broadcasting Company*, 532 F. Supp. 1112, 1114 (1981). In many instances meaningful choice is negated by a gross disparity in the bargaining power of the contracting parties essentially creating a contract of adhesion. *Id.*

Federal authority over cases involving contracts that are challenged on the grounds of unconscionability is scarce so we look to state law. In the case of *Dunham v. Environmental Chemical Corp. ("ECC")*, 2006 U.S. Dist. LEXIS 61068, in connection with her employment, the Plaintiff signed an arbitration agreement. It provided in part that an employee when filing a claim must exhaust all of their pre-arbitration remedies, and only then would any claims arising out of employee's employment be submitted to mandatory arbitration. *Id.* at 20. Nothing in the agreement suggests that ECC's claims would be similarly treated. *Id.*

Also, the Plaintiff was in a "take it or leave it" situation. ECC possessed the ultimate bargaining power by making the signing of the arbitration agreement a condition to employment. *Id.* at 21-24. The one-sided duty of the employee to exhaust pre-arbitration remedies, the lack of mutuality between the treatment of claims brought by employee or employer and what the

court found to be as a "take it or leave it" adhesion contract lead the court to rule that the agreement was unconscionable.

Similarly, in the case of *Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519 (1997), Stirlen, the Plaintiff, signed an employment contract as a condition to his employment. Paragraph eleven of the lengthy twenty-three paragraphs in all contained the arbitration clause. The clause stated that the Defendant Supercuts was permitted to bring various actions seeking equitable relief in state or federal court and that both parties would subject themselves to the jurisdiction of the court. *Id.* at 1528.

However, Stirlen was limited to pursuing relief solely through final and binding arbitration. Furthermore, Stirlen's remedies were limited to monetary damages not to exceed the amount of actual damages for breach of contract on the part of the Defendant. *Id.* at 1529. The Defendant contended that Stirlen was a sophisticated party that was too experienced as an executive to have signed an unduly one-sided agreement. *Id.* at 1534.

Nonetheless, the court held that the terms of the employment agreement were unconscionable on the grounds that:

> "…unlike the Defendant which can obtain judicial review of an adverse judicial determination of its claims, its employees must accept adverse rulings on their employment claims even if an error of fact or law appears on the face of the arbitrator's ruling and causes substantial injustice." *Id.* at 1538. Also, unlike the Defendant which is deprived of no remedy, the only remedy left to employees--actual damages for breach of contract--may bear no relation whatsoever to the extent of the wrong and the magnitude of the injuries suffered at the hands of the employer. This would amount to denial of the underlying cause of action, which would be preserved in name only. *Id.* at 1540.

In the case at hand, the Plaintiff does not deny that the release was clear and unambiguous on its face. He also does not contend that he was under economic duress. However, the choice to sign the settlement form although voluntary was not a meaningful choice. If he did not sign, the Defendant would have proceeded with the Plaintiff's termination. Upon

signing the agreement the Plaintiff was fully aware that it would culminate in his forced resignation. The Plaintiff did not truly engage in negotiations but rather chose between the lesser of two evils. Therefore, there is a lack of a meaningful choice on the part of the Plaintiff.

The Defendant claims that in order to show clemency in view of the Plaintiff's years of service and proximity to retirement the Defendant offered Plaintiff the option of converting his termination to a thirty (30) day suspension, resigning on January 18, 2008 at age fifty-five (55) to ensure retirement benefits, and receiving all accrued vacation benefits through March 2008. However, the terms nevertheless unreasonably favor the Defendant.

The Defendant acted under the guise of leniency by offering the Plaintiff a seemingly fair trade to immediate termination. Nevertheless, the Defendant received the benefit of the bargain. Not only did the Plaintiff essentially receive what he would have been owed for his work in the specified time period but the Defendant also indemnified itself from Plaintiff's discrimination claims. An honest mistake made by the Plaintiff on his sign in sheet was turned into a cause to not only take away the Plaintiff's livelihood but leave him with no recourse against the Defendant for the Defendant's disparate treatment of the Plaintiff.

### III.   PLAINTIFF HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES

Prior to filing his complaint in federal court on March 19, 2009, the Plaintiff filed a timely claim with the EEOC on April 30, 3008.

### IV.   PLAINTIFF'S CLAIMS UNDER 42 U.S.C. §1981 AND §1983

Plaintiff withdraws his claims under 42 U.S.C. §1981 AND §1983.

### V.   PLAINTIFF HAS FILED A TIMELY TITLE VII ACTION

Plaintiff's cause of action arose on January 18, 2008 when he was forced to resign his job by Defendant. He filed his claim with the EEOC on April 30, 2008. Therefore, Plaintiff was well within the 300 day statute of limitation.

### VII. PLAINTIFF'S CITY AND STATE LAW CLAIMS MAY BE DISMISSED WITHOUT PREJUDICE

The Plaintiff is in agreement with Defendant in that should the court move to dismiss the Plaintiff's federal cause of action, and decline to exercise supplemental jurisdiction over the remaining state-law claims, the court may dismiss such claims without prejudice.

### VIII. PLAINTFF'S FORCED RESIGNATION SHOULD BE OVERTURNED BECAUSE HE WAS FOUND NOT GUILTY OF THE INFRACTION THAT LEAD TO HIS TERMINATION BY THE UNEMPLOYMENT COURT

The Plaintiff was terminated from his employment for allegedly falsifying hotel records by signing in on March 9, 2007 that he arrived to work at six (6) a.m. rather than seven (7) a.m. He contended that it was a simple mistake made unintentionally out of habit after so many years on the job. The Plaintiff presented his case in favor of collecting unemployment before the court on May 1, 2008. The court found that the Plaintiff did not in fact act in bad faith and awarded him unemployment benefits.

In light of that decision, the Defendant should overturn its decision to terminate the Plaintiff's employment and should reinstate the Plaintiff to his position.

### CONCLUSION

For the aforementioned reasons, it is respectfully requested that this Court deny the Defendant's motion to dismiss pursuant to CPLR 12(b)