UNITED STATES DISTRICT COURT  ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RAFIK A. NEWEIR,

                        Plaintiff,  MEMORANDUM AND ORDER

        -against-  09-CV-1819 (JG)

LE PARKER MERIDIEN,

                        Defendant.
----------------------------------------------------------------x
A P P E A R A N C E S:

    THOMAS F. BELLO
        42B Seth Court
        Staten Island, New York 10301
        *Attorney for Plaintiff*

    KANE KESSLER, P.C.
        1350 Avenue of the Americas
        New York, New York 10019
    By:    Lois M. Traub
        *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

        Rafik Neweir brings this action against his former employer, the Le Parker Meridien hotel in midtown Manhattan, complaining that he was unfairly disciplined and forced to resign because he is of Egyptian descent. He asserts employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, New York State Executive Law § 296, and New York City Administrative Code § 8-107.[1] The hotel moves to dismiss Neweir's Title VII claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Neweir's complaint fails to state a claim on which relief may be granted. For the reasons set forth below, the motion is granted.

---

[1] Neweir withdrew his claims under 42 U.S.C. §§ 1981 and 1983 in his opposition papers to the hotel's motion.

BACKGROUND

The following facts are taken from Neweir's complaint:

Neweir began working as a waiter at the Le Parker Meridian on January 18, 1983. In January of 2006, David Cohen, a recently hired supervisor, began verbally harassing Neweir about his Egyptian descent. Cohen also threatened to fire Neweir in retaliation for his representation of a bus boy in Neweir's capacity as a union delegate.

On March 9, 2007, Neweir reported to work an hour late. Cohen proposed disciplining Neweir by suspending him for two weeks without pay. When Neweir protested that this was overly severe, Cohen insisted that Neweir instead be suspended for four weeks without pay. Ostensibly as punishment for his tardiness, Cohen and the hotel coerced Neweir into signing a "Voluntary Settlement Agreement," in which Neweir accepted a four-week suspension without pay and submitted his resignation, effective January 18, 2008. Neweir signed the "Voluntary Settlement Agreement" on April 5, 2007. On March 3, 2008, Neweir filed with the Equal Employment Opportunity Commission a charge of discrimination regarding the disciplinary action and resulting settlement agreement.

DISCUSSION

A.   *Legal Standard*

When deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is

facially plausible only if the pleaded facts permit a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.*

B.     *Analysis*

Title VII of the Civil Rights Act of 1964 requires a victim of employment discrimination to file a complaint with the EEOC within 300 days of the "alleged unlawful employment practice" or forfeit his right to a remedy under the statute. 42 U.S.C. § 2000e-5(e)(1). The hotel argues that Neweir's Title VII claim is time-barred because he did not file a formal complaint with the EEOC by January 30, 2008, 300 days after April 5, 2007, the day he signed a settlement agreement requiring him to resign on January 18, 2008. Neweir contends that his obligation to file a formal complaint did not arise until January 18, 2008, the day his employment ended, and that he timely filed his complaint with the EEOC 45 days later, on March 3, 2008.

The hotel is correct. "Where . . . the only challenged employment practice occurs before the termination date, the limitations periods necessarily commence to run before that date." *Del. State College v. Ricks*, 449 U.S. 250, 259 (1980). Thus, "[t]he 300-day period, in the case of a discriminatory discharge, starts running on the date when the employee receives a definite notice of the termination, not upon his discharge." *See Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 23 (2d Cir. 1985). Neweir has not alleged any discriminatory act that occurred after April 5, 2007, the day he signed the settlement agreement; it is only the hotel's decision to punish him and coerce him into signing the agreement that he alleges was unlawful. As the Supreme Court explained in *Delaware State College v. Ricks*, 449 U.S. 250 at 257, "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." In that case, a college had denied the plaintiff tenure, and, as

was its policy, offered him a one-year contract with notice that his employment would end when the contract expired. *Id.* at 253. The plaintiff accepted. *Id.* The Court held that the period to file a formal complaint with the EEOC starting running from the date the tenure decision "was made and communicated" to the plaintiff, not the date his employment actually ended, because the termination of his employment was "a delayed, but inevitable consequence" of that decision. *Id.* at 257-58.

Similarly, Neweir's termination of employment was only a "delayed, but inevitable, consequence" of the settlement agreement he signed on April 5, 2007. Accordingly, if he wished to pursue a Title VII claim, he had to file a formal complaint with the EEOC within 300 days. His complaint, filed 333 days later, was too late.

## CONCLUSION

The motion to dismiss for failure to state a claim is granted. Therefore, I do not address the defendant's other proposed bases for dismissal. Having dismissed the only claim over which this Court has original jurisdiction, I decline to exercise supplemental jurisdiction over Neweir's claims under New York State Executive Law § 296 and New York City Administrative Code § 8-107. *See* 28 U.S.C. § 1367(c).

So ordered.

John Gleeson, U.S.D.J.

Dated: December 18, 2009
      Brooklyn, New York